IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEVON S. MUMFORD, | § | |
| | § | |
| Defendant Below-<br>Appellant, | § | No. 123, 2017 |
| | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID Nos. K1104021512 and |
| Plaintiff Below-<br>Appellee. | § | K1104020644 |
| | § | |

Submitted: June 30, 2017
Decided: July 18, 2017

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

This 18th day of July 2017, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Devon Mumford, filed this appeal from the Superior Court's March 3, 2017 order sentencing him for his fourth violation of probation ("VOP"). The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Mumford's opening brief that his appeal is without merit. We agree and affirm.

(2)     The record reflects that Mumford pled guilty on November 16, 2011 to one count of Attempted Robbery in the First Degree, one count of Assault in the Second Degree, and two counts of Burglary in the Third Degree, which were charged

under two separate indictments. The Superior Court immediately sentenced Mumford to a total period of thirty-nine years at Level V imprisonment, to be suspended after serving three years in prison for six months at Level IV work release followed by one year of probation. After his release from prison, Mumford was charged and sentenced three different times—in July 2014, July 2015, and July 2016—for violating the terms of his probation.

(3) In January 2017, Mumford was found in possession of multiple illegal substances and was arrested on new criminal charges. He pled guilty in that case to one count of Drug Dealing. He also was charged with his fourth VOP. On March 3, 2017, after a hearing, the Superior Court found Mumford in violation and resentenced him on the underlying robbery conviction to nineteen years and five months at Level V incarceration, to be suspended after serving two years in prison for decreasing levels of supervision. The Superior Court discharged Mumford as unimproved from his three remaining sentences. Mumford now appeals.

(4) The only issue that Mumford raises on appeal is that the Superior Court failed to sentence him to the Key Program for drug treatment even though Mumford requested it. This Court's review of a sentence generally is limited to determining whether the sentence is within legal limits.[1] Once the State has proven by a preponderance of evidence that a VOP has occurred, the Superior Court is authorized

---

[1] *Mayes v. State*, 604 A.2d 839, 842-43 (Del. 1992).

2

to impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[2] The imposition of drug treatment as a condition of a defendant's sentence is a matter that is squarely within the sentencing judge's discretion.[3]

(5) To the extent Mumford contends that the Superior Court abused its discretion in refusing his request for the Key Program, there is no support in the record for this claim. As the appealing party, an appellant is required to provide this Court with a copy of the transcript necessary to review any claims raised on appeal.[4] Mumford failed to request a transcript of the VOP hearing for this appeal. Because Mumford's VOP sentence was within legal limits and because there is no record of Mumford's request to be sentenced to the Key Program, we can find no abuse of the Superior Court's discretion in sentencing Mumford for his fourth VOP.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[2] 11 Del. C. § 4334(c) (2015).
[3] *Loper v. State*, 2003 WL 21434899 (Del. June 18, 2003).
[4] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987).